IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 7** |
| **Predator Drilling LLC,** | § | |
| | § | **Case No. 21-30316** |
| Debtor. | § | |

**TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Eduardo V. Rodriguez, United States Bankruptcy Judge:**

Christopher R. Murray, in his capacity as duly appointed Chapter 7 trustee for the bankruptcy estate of Predator Drilling LLC ("**Debtor**"), files this *Application to Employ General Counsel* ("**Motion**"). In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

3. This Court has constitutional authority to enter a final order regarding this matter because employment of professional persons by a bankruptcy estate has no equivalent in state

law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.

**BACKGROUND**

4. On February 1, 2021, ("**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code and commenced the above-captioned chapter 7 case (this "**Chapter 7 Case**") and shortly thereafter, the United States Trustee appointed the Trustee.

5. The Trustee seeks to retain Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. ("**CHWWA**") as his general counsel in this case, with Jarrod B. Martin designated as lead counsel effective as of March 2, 2021.

**APPROPRIATENESS OF RETENTION**

A.   **11 U.S.C. § 327(a)**

6. The Trustee requests authority to employ CHWWA pursuant to 11 U.S.C. §§ 327 and 330. Employment of professionals is governed by 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014. Specifically, 11 U.S.C. § 327(a) provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

7. CHWWA does not hold an "interest adverse" to the Debtor's estate as it does not possess any economic interest that would tend to lessen the value of the estate or create either an actual or potential dispute in which the estate is a rival claimant. *See*, e.g., *In re Red Lion, Inc.*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994). Additionally, CHWWA and their professionals are disinterested persons as that term is defined in 11 U.S.C. § 101(14) in that CHWWA, and each of its shareholders, of counsel, and associates:

(a) are not creditors, equity security holders, or insiders of the Debtor;

(b) are not and were not, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

  (c) do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

 8. CHWWA has not been retained to assist any entity or person other than the Trustee in this bankruptcy case. If the Court approves CHWWA's proposed employment by the Trustee, CHWWA will not accept any engagement or perform any service in this bankruptcy case for any entity or person other than the Trustee.

**B.** **Bankruptcy Rule 2014**

 9. Federal Rule of Bankruptcy Procedure 2014(a) provides:

> . . . . The application [to employ a professional person] shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

In satisfaction of these requirements, the Trustee has included with this Application the Declaration of Jarrod B. Martin, attached hereto as **Exhibit A**. The Trustee further represents as follows:

 10. <u>Facts showing the necessity for the employment of counsel</u>: The Trustee needs general counsel in this case because he needs assistance with numerous issues. Specifically, the representation of Trustee is likely to involve, among other legal duties:

  a) advising and consulting with the Trustee about his powers and duties in the continued operation of the Debtor's business and management of its properties;

    b)     preparing, on behalf of the Trustee, all lists, applications, motions, legal memoranda, objections, responses, answers, orders, reports, and other legal papers necessary to the administration of this Chapter 7 case;

    c)     representing the Trustee concerning the disposition of the Debtor's executory contracts;

    d)     advising and consulting with the Trustee in cash collateral and financing negotiations and litigation;

    e)     assisting the Trustee in the development of a strategy to administer this Chapter 7 case;

    f)     attending meetings and negotiating with the representatives of creditors, the U.S. Trustee, and other parties in interest;

    g)     assisting with the disposition of assets, by sale or otherwise;

    h)     taking actions as may be necessary to preserve and protect the estate' assets, including, if required by the facts, investigation and prosecution of avoidance actions and adversary or other proceedings on the estate' behalf, defense of actions commenced against the estate, negotiations concerning litigation in which the estate is involved, objection to claims filed against the Debtor's estate;

    i)     providing general corporate, capital markets, financial, tax, employment, and litigation advice, and other general non-bankruptcy legal services to the Trustee on an as-needed basis;

    j)     appearing before this Court and any appellate courts to protect the interests of the Trustee and the Debtor's estate; and

    k)     performing all other legal services for, and providing all other necessary legal advice to, the Trustee that may be necessary and proper in this Chapter 7 case.

11.     <u>Employment of CHWWA</u>: The Trustee desires to employ Chamberlain Hrdlicka, located at 1200 Smith Street, Suite 1400, Houston, TX 77002, (713) 356-1280 (direct); (713) 658-2553 (fax), with Jarrod B. Martin designated to act as attorney-in-charge and who will be responsible from March 2, 2021 forward.

12.     <u>Reasons for the selection</u>: The Trustee selected CHWWA because Mr. Martin has extensive experience in general bankruptcy matters, representation of chapter 7 trustees,

commercial litigation, avoidance litigation, and asset collection. Mr. Martin has a variety of experience in the U.S. Bankruptcy Court and, in addition to providing trustee representation, Mr. Martin has represented a wide variety of business entities and individuals in bankruptcy cases, including secured and unsecured creditors, Chapter 7, Chapter 11, and Chapter 13 debtors, Chapter 7 trustees, and reorganized debtors. Further, Mr. Martin is a Subchapter V Trustee in this district. Additionally, Mr. Martin served as a trial attorney with the Office of the United States Trustee and has engaged in bankruptcy litigation arising under state and federal law. Finally, CHWWA has competitive billing rates compared to other area attorneys of similar experience and skill. The Trustee believes that Mr. Martin, and CHWWA is well qualified to represent the Trustee.

13. <u>The professional services to be rendered</u>: The services that may be rendered by CHWWA contemplated at this time are as follows:

   a) preparing, on behalf of the Trustee, all lists, applications, motions, legal memoranda, objections, responses, answers, orders, reports, and other legal papers necessary to the administration of this Chapter 7 case;

   b) representing the Trustee concerning the disposition of the Debtor's executory contracts;

   c) advising and consulting with the Trustee in cash collateral and financing negotiations and litigation;

   d) assisting the Trustee in the development of a strategy to administer this Chapter 7 Case;

   e) attending meetings and negotiating with the representatives of creditors, the U.S. Trustee, and other parties in interest;

   f) assisting with the disposition of assets, by sale or otherwise;

   g) preparing for, instituting, and prosecuting any necessary examinations under FED.R.BANKR.P. 2004 and, if necessary, instituting and prosecuting motions to compel attendance and removal of persons for examination under FED.R.BANKR.P. 2005;

    h) taking actions as may be necessary to preserve and protect the estate's assets, including, if required by the facts, investigation and prosecution of avoidance actions and adversary or other proceedings on the estate' behalf, defense of actions commenced against the estate, negotiations concerning litigation in which the estate is involved, objection to claims filed against the Debtor's estate estates;

    i) providing general corporate, capital markets, financial, tax, employment, and litigation advice, and other general non-bankruptcy legal services to the Trustee on an as-needed basis;

    j) appearing before this Court and any appellate courts to protect the interests of the Trustee and the Debtor's estate; and

    k) performing all other legal services for, and providing all other necessary legal advice to, the Trustee that may be necessary and proper in this Chapter 7 case.

The Trustee reserves the right to seek amendments to the order approving this Application as may be necessary or appropriate to expand the services to be rendered by CHWWA.

    14.    <u>Proposed arrangement for compensation</u>: The Trustee proposes to employ CHWWA on an hourly-fee basis. Costs and expenses shall be paid separately from attorneys' fees. Because of Mr. Martin's expertise in representing bankruptcy trustees, and to maintain continuity in the Trustee's current representation in the case, the Trustee desires to employ Jarrod Martin and CHWWA as attorneys for the Trustee in this Chapter 7 Case. Mr. Martin's hourly rate in this matter is currently $445 per hour. This $445 per hour rate is a $150 per-hour discount from Mr. Martin's standard rate at CH—$595 per hour. Mr. Martin will utilize Tyler W. Greenwood, an associate at CHWWA, whose hourly rate is $300 per hour – a $65 discount from his standard rate of $365 per hour and Lara Anne Coleman, a paralegal at CHWWA, whose hourly rate is $225, which is a $70 per-hour discount from Ms. Coleman's standard rate of $295 per hour. In addition, at CHWWA there are other attorneys and paralegals who may assist from time to time. CHWWA reviews and adjusts its rate on an annual basis in January. All requests for compensation by CHWWA shall be subject to Bankruptcy Court approval.

15. <u>Fee Sharing</u>: CHWWA has not entered into any agreement to share fees.

16. The Trustee further selected CHWWA and Mr. Martin as general counsel due to their competitive billing rates generally and as compared to the level of experience proposed counsel brings to the representation. Mr. Martin's hourly billing rate is $445 per hour. Examples of hourly rates for other attorneys who commonly represent Chapter 7 trustees generally are as follows:[1]

| Attorney | Hourly Rate | Firm | Case Rate was Derived |
|---|---|---|---|
| Matthew S. Okin | $525 | Okin & Adams | 20-30968 | ECF No. 480 |
| Julie M. Koenig | $450 | Cooper & Scully | 20-31730 | ECF No. 64 |
| Matthew Probus | $450 | Wauson & Probus | 20-31956 | ECF No. 41 |
| Aaron J. Power | $440 | Porter & Hedges | 18-35886 | ECF No. 178 |
| Heather McIntyre | $405 | Hughes Watters & Askanase | 19-31920 | ECF No. 67 |
| Heather Potts | $380 | Nathan Sommers Jacobs | 20-34329 | ECF No. 67 |
| Marc Myers | $350 | Ross, Banks, May, Cron & Cavin, P.C. | 20-32670 | ECF No. 46 |
| Tim Wentworth | $325 | Okin & Adams | 20-32188 | ECF No. 28 |

17. <u>Connections to the case</u>: CHWWA circulated an internal conflict memorandum, and none of the attorneys at CHWWA reported any potential conflict with or adverse interest to the Debtor's estate. The Trustee confirmed based upon the Declaration of Jarrod B. Martin attached hereto as **Exhibit A** that CHWWA does not hold or represent an interest adverse to the estate. The Trustee is further informed and believes that CHWWA is a "disinterested person," as that term is defined in 11 U.S.C. § 101(14). CHWWA does not have any connections with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise disclosed in the attached declaration.

18. The retention of CHWWA is in the best interest of the estate because (i) Mr. Martin has considerable experience representing bankruptcy trustees, and (ii) the attorneys designated to

---

[1] Notably, many of these rates are from last year and may have increased for 2021.

work on this case have competitive billing rates compared to other area attorneys of similar experience. As a result, Mr. Martin has sensitivity to the economics of representing a bankruptcy estate with limited funds. The Trustee believes that CHWWA is well-qualified to represent him in this case, and that the employment of CHWWA is in the best interest of the estate and its creditors.

WHEREFORE, the Trustee respectfully requests the Court to enter the attached proposed order; and further requests such additional relief to which he may be entitled.

Dated: March 9, 2021

Respectfully submitted,

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By:  /s/ Jarrod B. Martin

Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, TX 77002
P: 713-356-1280
F: 713-658-2553
E: Jarrod.Martin@chamberlainlaw.com

*Proposed Counsel for Christopher R. Murray, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2021, a true and correct copy of the foregoing Notice was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, including the Debtor's attorney and the US Trustee and on the parties listed on the attached creditor matrix via first-class mail.

*/s/ Jarrod B. Martin*
Jarrod B. Martin